FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 NOV 19 PM 3: 53

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TERRY JACKSON, #409287 a/k/a Joshua Kevin Johnson<br>Petitioner, | * * | |
| v. | * | CIVIL ACTION NO. RDB-14-2735 |
| KATHLEEN GREEN, *et al.*<br>Respondents. | * | |

\*\*\*\*\*

## MEMORANDUM OPINION

Petitioner Terry Jackson ("Jackson"), a state inmate incarcerated at the Eastern Correctional Institution, filed the instant self-represented Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his 2008 convictions in the Circuit Courts for Baltimore City and County.[1] Respondents have filed a Limited Response which addressed the timeliness of the Petition. ECF No. 6. Jackson, who was granted additional time to file a Reply, has not done so. Upon review of the pleadings and exhibits, the Court finds no need for an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. For reasons that follow, the Court concludes that the Petition is time-barred, and it will be denied and dismissed by separate Order.

### Procedural History

After several postponements in 2007, on February 26, 2008, Jackson proceeded to trial in the

---

[1] In an ideal world, the Petition's envelope would be stamped by Eastern Correctional Institution personnel as "received by prison mailroom" on a certain date. The Maryland Division of Correction does not provide such a franked designation. The Petition was received by the Clerk on August 25, 2014. It bears a signature date of August 14, 2014, and shall be reviewed as filed on that date.

Circuit Court for Baltimore County. He was convicted of robbery and sentenced to a ten-year term. ECF No. 6, Ex. 1. His appeal was dismissed by the Court of Special Appeals of Maryland on July 15, 2009, for the failure to comply with the court's briefing schedule. ECF No. 6, Ex. 2. The appellate mandate was issued on August 14, 2009. *Id.* Jackson did not seek further review of the intermediate court decision. His Baltimore County conviction became final 15 days later, on Monday, August 31, 2009, under Maryland Rule 8-302. *Id.*, Ex. 1. Jackson did not file any subsequent collateral proceedings pending in state court that would have tolled the time period under 28 U.S.C. § 2244(d).

On February 8, 2008, Jackson pled guilty to one count of drug possession with intent to manufacture and distribute in the Circuit Court for Baltimore City. *Id.*, Ex. 3. He was sentenced to a five-year term, with all but six months suspended. He did not seek leave to appeal his conviction. *Id.* His Baltimore City conviction became final for direct appeal purposes on March 10, 2008. Jackson did not seek post-conviction review of his Baltimore City criminal conviction.

## Statute of Limitations

Effective April 24, 1996, a one-year statute of limitations applies to state prisoners filing petitions for federal habeas relief in non-capital cases. *See* 28 U.S.C. § 2244(d).[2] This one-year

---

[2] This section provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

period is tolled while properly filed post-conviction proceedings are pending.

### III. Analysis

Affording the Petition the most generous of filing dates, it is deemed as filed by Jackson on August 14, 2014, the date on which it was signed and presumably deposited with prison authorities. *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

Jackson's one-year limitations periods under 28 U.S.C. § 2244(d) for his Baltimore City and Baltimore County convictions began to run on March 10, 2008 and August 31, 2009, respectively. As Jackson did not file post-conviction petitions in either case, the one-year statute of limitation period as to each conviction was allowed to run unchecked and expired. This habeas Petition, submitted on August 14, 2014, was filed outside the statutory limitations period and is time-barred.

---

  (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

3

The one-year time period may be equitably tolled in limited circumstances. *See Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000) (one-year limitations period subject to equitable tolling); *see also Wall v. Kholi,* 131 S.Ct. 1278, 1283 (2011). In order to be entitled to equitable tolling, a petitioner must establish that either some wrongful conduct by respondents contributed to the delay in filing and completing state post-conviction review, or that circumstances beyond his control caused the delay. *See Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003); *Harris,* 209 F.3d at 328. "[A]ny resort to equity must be reserved for those rare instances where ... it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 655 (2010), citing *Pace v. DiGulielmo,* 544 U.S. 408, 418 (2005). In this case, however, Jackson has neither asserted, nor do the pleadings suggest, any circumstances that justify equitable tolling. Accordingly, the Petition will be denied and dismissed with prejudice by separate Order.

In *Slack v. McDaniel,* 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Jackson does not satisfy this standard, and the Court

declines to issue a certificate of appealability.

Date: November 19 2014

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE